UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAVERE LEE-BRYANT #337291,

        Plaintiff,                              Case No. 2:08-cv-150

v.                                                  Honorable R. Allan Edgar

GARY SCHERTZ, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff Lavere Lee-Bryant #337291, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Gary Schertz, Resident Unit Officer D. Weberg, Sergeant P. Dwight, Investigator Mary Bonevelle, Sergeant Beatrice Hursh, Hearing Officer Linda Maki, and Administrator Richard Stapleton. Plaintiff alleges in his complaint that on December 23, 2006, Defendant Schertz falsified a major misconduct report on Plaintiff for threatening behavior, claiming:

> While making rounds on B-wing, I (Schertz) came to cell 221, which is occupied by Prisoner Lee-Bryant 337291. He then said "Schertz where's that bitch ass Parkkila?" I then stated "Why." Lee-Bryant then stated "First chance I get, I'm going to fuck that white as [sic] bitch up!" I then said "Why do you want to do that?" He then said "That bitch is going to get it one way or another, and if you try to step in, I'm going to fuck you up too Schertz." Lee-Bryant continued to yell this at his cell front until I exited the wing.

(*See* Plaintiff's complaint, ¶ 2.) During the review hearing on this incident, Defendant Dwight authenticated the misconduct report and Defendant Bonevelle was assigned to assist Plaintiff in gathering evidence.

On December 24, 2006, Defendant Weberg falsified a major misconduct report on Plaintiff for threatening behavior stating that Plaintiff told him that if he was "riding with those bitches" he would "fuck" him up. Plaintiff was reviewed on this ticket by Defendant Dwight and Defendant Bonevelle was assigned to investigate on Plaintiff's behalf. On December 27, 2006, Plaintiff was interviewed by Defendant Bonevelle. Plaintiff requested statements from prisoners Royster and Branham, and stated that he would personally give Defendant Maki his statement.

Defendant Bonevelle then told Defendant Maki that Plaintiff had refused to cooperate in any investigation.

On January 12, 2007, Defendant Hursh falsely told Defendant Maki that Plaintiff had refused to attend his hearing. Plaintiff was found guilty of both major misconduct tickets. As a result Plaintiff was sentenced to two 30 days loss of privileges and accumulated 15 days of disciplinary time. On March 26, 2007, Plaintiff wrote to the business office at LMF, seeking the full name of Defendant Dwight, but he did not receive a response. Plaintiff filed a grievance and appealed the denial to step III, to no avail. On April 9, 2007, Plaintiff sent a request for rehearing to Defendant Stapleton, seeking a reversal of his misconduct convictions. Plaintiff's request was denied on September 28, 2007.

Plaintiff claims that Defendants' conduct constituted cruel and unusual punishment in violation of the Eighth Amendment, as well as violating his Fourteenth Amendment equal protection and due process rights. Plaintiff seeks punitive and compensatory damages.

II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was falsely convicted of two counts of threatening behavior, which is a major misconduct. He also appears to claim that evidence from other witnesses should have been explored instead of relying on a staff member's statement about the incident and that he was deprived of his ability to attend the hearing. The Supreme Court has held that claims for declaratory relief and monetary damages, which necessarily implies the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges). *See also Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, 540 U.S. at 754-55, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). In other words, *Edwards* still applies where a plaintiff has lost good-time credits as the result of the misconduct conviction. Under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1] Accordingly, because Plaintiff has not shown that his convictions have been invalidated, his claim is not presently

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555 (6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

In addition, the undersigned notes that Plaintiff's equal protection claims lack merit. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

Finally, Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment. An Eighth Amendment claim comprises an objective and subjective component: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995). Plaintiff must prove these elements by a preponderance of the evidence. *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994). Taking Plaintiff's allegation as true, Plaintiff's allegations are insufficient to state a claim because the alleged deprivation is not sufficiently grave. Allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Nor do allegations of verbal

harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985). Because the allegations in Plaintiff's complaint do not rise to the level of an Eighth Amendment violation, the undersigned recommends dismissal of Plaintiff's Eighth Amendment claims.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 6, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).